JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
REVERA INC.

**(b)** County of Residence of First Listed Plaintiff  N/A
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Telephone Number, and Email Address)*
John MacDonald, Constangy, Brooks & Smith, LLP, 100 Overlook Ctr., 2nd Fl., Princeton, NJ 08540  609-357-1183  jmacdonald@constangy.com

## DEFENDANTS
STUART H. LINDEMAN, CARE ONE, LLC, CARE ONE MANAGEMENT, LLC and CARE ONE MANAGEMENT, INC.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only)                            and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** / **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations / ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act / ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act / ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation / ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Breach of Contract - Employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE: 08/01/2012

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REVERA INC.,<br><br>              Plaintiff,<br><br>vs.<br><br>STUART H. LINDEMAN, CARE ONE, LLC,<br>CARE ONE MANAGEMENT, LLC and<br>CARE ONE MANAGEMENT, INC.,<br><br>              Defendants. | CIVIL ACTION NO. 12-_____<br><br>COMPLAINT |

Plaintiff Revera Inc., (hereinafter "Revera" or the "Company"), through its counsel, Constangy Brooks & Smith, LLP, by way of Complaint against Defendants Stuart H. Lindeman, Care One, LLC, Care One Management, LLC and Care One Management, Inc. (the corporate defendants hereinafter collectively referred to as "Care One"), states as follows:

**PARTIES**

1. Revera is a Canadian corporation registered in the Province of Ontario, with a principal place of business located at 55 Standish Court, 8th Floor, Mississauga, Ontario, Canada.

2. Defendant Stuart H. Lindeman ("Lindeman") is a citizen of the State of Connecticut and is currently employed at Care One's headquarters in Fort Lee, New Jersey.

3. Defendant Care One, LLC is a limited liability company of the State of New Jersey with a principal place of business located at 173 Bridge Plaza North, Fort Lee, New Jersey.

4. Defendant Care One Management LLC is an affiliated limited liability company

of the State of New Jersey with a principal place of business located at 173 Bridge Plaza North, Fort Lee, New Jersey.

5. Defendant Care One Management, Inc. is an affiliated corporation of the State of New Jersey with a principal place of business located at 173 Bridge Plaza North, Fort Lee, New Jersey.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and all Defendants and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because the corporate Defendants are headquartered in this district, and further, because a substantial part of the events and acts giving rise to this claim occurred within this district.

## ALLEGATIONS COMMON TO ALL COUNTS

*Revera and Care One are Direct Business Competitors*

8. Care One, according to information set forth on its corporate website, is a family-owned and operated senior care company "with over 68 care centers located in nine states. The company operates nursing homes and also has a hospice component, home healthcare agency and pharmacy company" that has over 15,000 employees and $1B in revenues.

9. Revera provides a wide range of home care services, including nursing, personal care, home support, and therapy and rehabilitation services for clients of all ages, from newborns to seniors in Canada and the United States that ranges from short-term help after a hospital stay, to ongoing support with day-to-day tasks and activities, to 24-hour nursing

supervision. In the United States, Revera operates 30 nursing and rehabilitation centers in New Jersey, Connecticut, Maryland, Massachusetts, New Hampshire, New Jersey, Rhode Island, Vermont, Virginia, and Washington.

10. Revera and Care One are direct competitors in the mid-Atlantic health care market.

*Lindeman's Employment with Revera*

11. Revera hired Lindeman in November 1999 as Senior Vice President of its U.S. Skilled Nursing Facilities division.

12. In that capacity, Lindeman acquired non-public knowledge of the internal operations of Revera and became familiar with the skills and capabilities of the other members of Revera management. According to Lindeman's "LinkIn" employment overview, Lindeman had "Overall Responsibility" for Revera's U.S. Division, which includes "Skilled Nursing, Assisted Living, Pharmacy, Rehabilitation Company and other Ancillary businesses."

13. Revera's business success and reputation are attributable to, among other things, its management personnel, individuals who are carefully selected and integrated into Revera's operations. The process of selecting and integrating executive personnel into Revera's operations is a time-consuming and expensive process.

14. In order to protect this investment in time, money and other resources, Revera has required certain members of management, including Lindeman, to enter into restrictive covenants that prohibit them - in subsequent employment - from "hiring away" Revera personnel.

15. On November 8, 2010, Lindeman entered into a formal employment agreement with Revera. In an addendum to the employment agreement, and in exchange for additional

3

consideration, Lindeman agreed as follows:

> **Non-Solicitation of Employee**
>
> The Executive agrees that during the term of the Executive's employment and for a period of twelve (12) months following the termination of the Executive's employment, for any reason whatsoever, the Executive shall not directly or indirectly <u>employ or retain as an independent contractor any employee of or independent contractor to the Company</u> or influence any employee of or independent contractor to the Company to resign his or her employment or engagement with the Company.

(Emphasis in the original).

16. Further, the employment agreement provides: "The Executive shall inform any prospective employers of the existence of this Addendum to the Employment Contract and the obligations which it imposes upon the Executive."

17. On or about February 27, 2012, Lindeman's employment with Revera ended. In the resulting severance agreement entered into between Revera and Lindeman, the Company reminded Lindeman of his continuing obligation to comply with the terms of his existing restrictive covenant. By entering into the severance agreement and accepting severance pay, Lindeman confirmed and further ratified his agreement to abide by the provisions of his prior contractual agreement with the Company.

18. In May of 2012, Lindeman accepted employment with Revera competitor Care One as its chief operating officer.

19. On information and belief, Care One was aware of, or through the exercise of reasonable diligence should have been aware, the fact that Lindeman's prospective employment was subject to the provisions of an existing restrictive covenant with Revera.

20. Despite this knowledge, Care One hired Lindeman as its COO and tacitly approved of, and benefited from, Lindemans' subsequent, repeated violations of his restrictive

covenant.

### *Within Two Months of Joining Care One, Lindeman Hires Revera's Director of Sales*

21. On information and belief, subsequent to his departure from Revera, Lindeman communicated with the Director of Sales of Revera's U.S. Division - Pamela Cummings ("Cummings") - for the purpose of encouraging her, directly or indirectly, to abandon her position at Revera to join Care One.

22. Within thirty (30) days of becoming COO of Care One, Lindeman hired Cummings as "Regional Sales and Marketing Manager" for Care One.

23. While employed at Revera, Cummings had acquired a complete knowledge of the U.S. Division's sales strategies, sales contacts and sales information.

24. Revera invested substantial time and resources into the selection, training and development of Cummings at Revera's U.S. Division.

25. The loss of Cummings to primary competitor Care One constituted a substantial blow to the business operations of Revera's U.S. Division.

26. Identifying, training and integrating a permanent replacement for Cummings is a difficult and resource-consuming task.

### *Lindeman Hires Revera's Vice President of Operations*

27. Further, within ninety (90) days of assuming the title of COO at Care One, Lindeman hired, or approved the hiring of Tina Thomas ("Thomas"), who was previously the Vice President of Operations for Revera's U.S. Division and a direct report of Lindeman's.

28. Thomas, who joined Revera in December 1999, held a key role in the overall management of the operations of Revera's U.S. Division.

29. Thomas had an in-depth knowledge of Revera's U.S. operations and plans.

30. The abrupt loss of Thomas to a direct competitor was detrimental to Revera's U.S. operations.

31. Identifying, training and integrating a permanent replacement for Thomas is a difficult and resource-consuming task.

*<u>Lindeman Hires Two of Revera's Business Support, Projects & Analytics Managers</u>*

32. Further, within ninety (90) days of assuming the title of COO at Care One, Lindeman hired, or approved the hiring of Cassidy Bankroft ("Bankroft"), who was at that time a Business Support, Projects & Analytics Manager for Revera's U.S. Division.

33. Bankroft, who joined Revera in 2008, was responsible for forecasting, budgeting, business plan operation appraisal analysis, and general financial planning for the U.S. Division.

34. Bancroft had in-depth knowledge of Revera's financial operations and plans.

35. The abrupt loss of Bankroft to a direct competitor was detrimental to Revera's U.S. operations.

36. Lindeman also hired or approved the hiring of Wendy Weum ("Weum"), who was previously a Business Support, Projects & Analytics Manager for Revera's U.S. Division.

37. Weum, who joined Revera in July of 2008, was also responsible for forecasting, budgeting, business plan operation appraisal analysis, and general financial planning for the U.S. Division.

38. Weum had in-depth knowledge of Revera's financial operations and plans.

39. The abrupt loss of Weum to a direct competitor was detrimental to Revera's U.S. operations.

## COUNT ONE: INJUNCTIVE RELIEF

40. Plaintiff repeats and realleges the allegations made in each of the foregoing paragraphs as though fully set forth herein.

41. The "Non-Solicitation of Employee" restrictive covenant prohibited Lindeman from directly or indirectly inducing any Revera employee to leave Revera's employment.

42. Additionally, the restrictive covenant prohibited Lindeman from *employing* a Revera employee for a period of one (1) year following his departure from the Company.

43. In violation of his restrictive covenant, Lindeman, directly or indirectly, induced four employees - within a 90-day span - to leave their employment at Revera to work for him at Care One.

44. In addition to violating his restrictive covenant by inducing these Revera employees to quit Revera to join Care One, Lindeman also violated is restrictive covenant simply by hiring/employing the four Revera management employees at Care One.

45. These violations resulted in irreparable harm to Revera that cannot be adequately remedied at law.

46. There is a likelihood of success on the merits, because Lindeman has violated, and continues to violate, the plain language of a restrictive covenant that he freely entered into.

47. A balancing of the equities favors enforcement of the restrictive covenant. 47. Care One, which was either aware of the restrictive covenant entered into by its COO, or through the exercise of reasonable due diligence should have been aware of the restrictive covenant, is complicit in Lindeman's breach of his agreement.    WHEREFORE, Plaintiff seeks judgment on the Complaint against Lindeman and Care One, along with an order granting a one-year permanent injunction prohibiting Lindeman or Care One from hiring employees of

1968633.1

Revera, along with reasonable attorney's fees, costs of suit and such other and further relief as the Court deems equitable under the premises.

### COUNT TWO: BREACH OF RESTRICTIVE COVENANT

48. Plaintiff repeats and realleges the allegations made in each of the foregoing paragraphs as though fully set forth herein.

49. In connection with, and as a condition of his employment by Revera, Lindeman entered into a restrictive covenant that forbade him from directly or indirectly inducing Revera employees from leaving the Company, and which further forbade him from hiring/employing Revera employees for a period of twelve (12) months following his termination of employment.

50. The restrictive covenant also forbade Lindeman from hiring/employing Revera employees for a twelve (12) month period of time following his termination of employment with Revera.

51. Lindeman breached the restrictive covenant by inducing the above identified employees to leave Revera and join competitor Care One where Lindeman in COO.

52. Lindeman also breached the restrictive covenant by hiring/employing the above- identified employees at Care One, a direct competitor of Revera.

53. As a direct and proximate result of these breaches, Revera has suffered damages (in addition to the severance monies paid to Lindeman).

WHEREFORE, Plaintiff seeks judgment on the Complaint against Defendant Lindeman, along with compensatory damages, reasonable attorney's fees, costs of suit and such other and further relief as the Court deems equitable under the premises.

### COUNT THREE:  TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND PROSPECTIVE ECONOMIC GAIN

54. Plaintiff repeats and realleges the allegations made in each of the foregoing paragraphs as though fully set forth herein.

55. Revera had a reasonable expectation of continuing economic advantage - and business stability - resulting from the continued employment of the above-identified management personnel.

56. Care One and Lindeman have engaged in "raiding" by systematically hiring away numerous key management personnel from Revera in a very short period of time.

57. But for Defendants' tortious interference, there is a reasonable probability that Plaintiff would continue to enjoy the continued employment of the above-identified personnel along with the business stability resulting from their continued employment.

58. This economic advantage was lost when Defendants intentionally and with malice acted to undermine the U.S. Division of Revera by hiring away a substantial portion of Revera's U.S. Division's management team over a very short period of time, hoping to strategically disadvantage Revera.

59. Revera lost its economic advantage and suffered losses as a result of Defendants intentional, tortious interference and unfair competition.

WHEREFORE, Plaintiff seeks judgment on the Complaint against Defendants, along with compensatory damages, punitive damages, reasonable attorney's fees, costs of suit and such other and further relief as the Court deems equitable under the premises.

## COUNT FOUR: UNJUST ENRICHMENT

60. Plaintiff repeats and realleges the allegations made in each of the foregoing paragraphs as though fully set forth herein.

61. The contractual agreement between Revera and Lindeman expressly forbade Lindeman from directly or indirectly inducing Revera employees from leaving the Company, and further forbade him from hiring/employing Revera employees for a period of twelve (12) months following his

termination of employment. Additionally, the restrictive covenant prohibited Lindeman from *employing* a Revera employee for a period of one (1) year following his departure from the Company.

62. Care One knew or should have known of these pre-existing restrictions on Lindeman's employment.

63. Notwithstanding this knowledge, Care One allowed, and on information and belief, encouraged Lindeman's recruiting, hiring and/or employment of the above-identified Revera management personnel.

64. Care One has retained the benefits of the improper employment of Revera's management personnel under circumstances which rendered it inequitable and unjust for Care One to retain such benefits.

65. Consequently, Care One was unjustly enriched by Lindeman's violations of his restrictive covenants with Revera – at the Revera's expense.

WHEREFORE, Plaintiff seeks judgment on the Complaint against Care One, along with compensatory damages, reasonable attorney's fees, costs of suit and such other and further relief as the Court deems equitable under the premises.

### COUNT FIVE: VIOLATION OF THE COVENANTS OF GOOD FAITH AND FAIR DEALING

66. Plaintiff repeats and realleges the allegations made in each of the foregoing paragraphs as though fully set forth herein.

67. The covenants of good faith and fair dealing were implied into both the original employmnt contract and the addendum between Revera and Defendant Lindeman.

68. The contractual agreement between Revera and Defendant Lindeman expressly forbade Lindeman from directly or indirectly inducing Revera employees from leaving the Company, and

which further forbade him from hiring/employing Revera employees for a period of twelve (12) months following his termination of employment.

69.     Additionally, the restrictive covenant prohibited Lindeman from *employing* a Revera employee for a period of one (1) year following his departure from the Company.

70.     In direct violation of his restrictive covenant and the covenants of good faith and fair dealing implied therein, Lindeman, directly and indirectly, induced four employees - within only a 90-day span - to leave their employment at Revera to work for him at Care One.

71.     As a direct and proximate result of this breach, Revera has suffered damages.

WHEREFORE, Plaintiff seeks judgment on the Complaint against Defendant Lindeman, along with compensatory damages, reasonable attorney's fees, costs of suit and such other and further relief as the Court deems equitable under the premises.

Dated: August 1, 2012

                                             CONSTANGY, BROOKS & SMITH, LLP

                                           */s/  John E. MacDonald*
                                  By:   John E. MacDonald (I.D. 011511995)
                                             100 Overlook Center, 2nd Floor
                                             Princeton, NJ  08540
                                             Telephone:  (609) 357-1183
                                             Facsimile:  (609) 357-1196
                                             jmacdonald@constangy.com
                                             *Attorneys for Plaintiff*
                                             *Rivera Inc.*

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I hereby certify that the matter in controversy here is not the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding.

Dated:  August 1, 2012

                CONSTANGY, BROOKS & SMITH, LLP

            By:   *s/ John E. MacDonald*
                  John E. MacDonald (I.D. 011511995)
                  100 Overlook Center, 2nd Floor
                  Princeton, NJ  08540
                  Telephone:  (609) 357-1183
                  Facsimile:  (609) 357-1196
                  jmacdonald@constangy.com

                  *Attorneys for Plaintiff, Rivera Inc.*